# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER JR., | CASE NO. 11-CV-2333 JLS WVG |
| Plaintiff, | **ORDER (1) ADOPTING IN PART REPORT AND RECOMMENDATION; AND, (2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| vs. | |
| L.S. MCEWEN, G.J. JANDA, DR. RICHARD KORNBLUTH, PARAMO, H. AMEZCUA, S. HARDMAN, M. ALVAREZ, T. ALVAREZ, M.S. DOMINGUEZ, C. VILLALOBOS, J. FLORES, R. LIZARRAGA, B. DOMINGUES, A. COSTRA, M. VITELA, RN ZAMORA, M. CASTRO, | (ECF Nos. 40, 45) |
| Defendants. | |

Presently before the Court is Defendants L.S McEwen, G.J. Janda, Dr. Richard Kornbluth, Paramo, H. Amezcua, S. Hardman, T. Alvarez, C. Villalobos, J. Flores, R. Lizarraga, B. Dominguez, M. Vitela, RN Zamora, and M. Castro's ("Defendants") motion to dismiss Plaintiff Gerald Lee Miller Jr.'s ("Plaintiff") second amended complaint ("SAC"). (Mot. to Dismiss, ECF No. 40). Also before the Court are Magistrate Judge William V. Gallo's Report and Recommendation ("R&R"), recommending that the Court grant in part and deny in part Defendants' motion to dismiss, (R&R, ECF No. 45), and Petitioner's objections to the R&R, (Obj., ECF Nos.

47 & 48). For the reasons stated below, the Court **ADOPTS IN PART** the R&R and **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss.

## BACKGROUND

Magistrate Judge Gallo's R&R contains a thorough and accurate recitation of the procedural history and facts underlying Plaintiff's complaint.[1] (R&R 2-20, ECF No. 45). This Order incorporates by reference the facts as set forth in the R&R, and briefly summarizes only the most relevant facts here.

Plaintiff, a prisoner proceeding pro se, initiated the instant action on October 7, 2011. (Compl., ECF No. 1). Plaintiff's operative SAC names fourteen defendants,[2] and claims assorted violations of his First, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. (SAC, ECF No. 37). Defendants moved to dismiss Plaintiff's SAC on February 21, 2013. (MTD, ECF No. 40). On April 19, 2013, Magistrate Judge Gallo issued an R&R recommending that the Court grant in part and deny in part Defendants' motion. (R&R, ECF No. 45). Plaintiff filed timely objections to the R&R on May 16, 2013 and May 24, 2013. (Obj., ECF Nos. 47 & 48).

## LEGAL STANDARD

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to

---

[1] Plaintiff objects to the R&R's statement of facts. (Obj. 1, ECF No. 47). Plaintiff does not specify the facts in the R&R to which he objects, however. After comparing the Plaintiff's complaint with the R&R's statement of facts, the Court finds that Plaintiff's objection is baseless.

[2] Plaintiff names a Defendant Alvarez in his SAC. (SAC, ECF No. 37). The Court terminated this Defendant from the docket in a prior Order and the Magistrate Judge refused to consider claims against said Defendant in the R&R. Accordingly, claims against this Defendant are not discussed in this Order. As in the Magistrate Judge's R&R, when the Court refers to Defendant Alvarez, it is referring exclusively to Defendant T. Alvarez.

which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673-76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed R. Civ. P. 12(b)(6). A claim is facially plausible when the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief." *Id.* Moreover, "for a complaint to be dismissed because the allegations give rise to an affirmative defense[,] the defense clearly must appear on the face of the pleading." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990).

Relevant here, the Court has a duty to liberally construe a pro se's pleadings. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Barret v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (internal quotation marks and citation omitted). The court's liberal interpretation of a pro se complaint may not, however, supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Where a motion to dismiss granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See DeSoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

### 3. Cognizable Claim for Federal Relief

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## ANALYSIS

Plaintiff's objections add few arguments not already asserted before Magistrate Judge Gallo and considered in the R&R. Nevertheless, the Court liberally construes and considers Plaintiff's discernable objections as now presented. Plaintiff's claims are considered on the merits with a brief summary of the R&R's conclusions, Petitioner's objections, and the Court's reasoning. For ease of comparison, the Court analyzes Plaintiff's claims in the same order utilized by the R&R.

### 1. First Amendment Retaliation Claims Against Defendants Amezcua, Hardman, Alvarez, Dominguez, Villalobos, Castro, Flores, Vitela, and Zamora

Plaintiff contends that Defendants T. Alvarez, Amezcua, Dominguez, Castro, Flores, Hardman, Villalobos, Vitela, and Zamora retaliated against Plaintiff because Plaintiff filed prison grievances and a civil lawsuit. (SAC ¶ 208, ECF No. 37). Plaintiff alleges the following retaliatory actions: 1) T. Alvarez refused to deliver Plaintiff's legal and personal mail; 2) Dominguez refused to deliver Plaintiff's legal and personal mail and intentionally delivered it to another inmate; 3) Villalobos terminated Plaintiff's access to the law library and the courts; 4) Amezcua destroyed Plaintiff's legal materials and took Plaintiff's legal books; and, 5) Flores and Vitela took and made copies of Plaintiff's outgoing mail, and then had prison investigative services go to the home of Plaintiff's daughter's and seize the same letters. (*Id.* ¶¶ 209-211, 213-14, ECF No. 37).

///

*A. Summary of the Report and Recommendation*

Magistrate Judge Gallo recommends that the Plaintiff's First Amendment retaliation claims against T. Alvarez, Amezcua, Dominguez, Castro, Flores, Hardman, Villalobos, Vitela, and Zamora be dismissed without prejudice. (R&R 26, ECF No. 45). The Magistrate Judge reasons that Plaintiff does not allege sufficient facts demonstrating causation between the allegedly retaliatory acts taken and Plaintiff's exercise of his First Amendment rights. (*See id.* at 24-26) ("[Plaintiff] cannot simply list all of the allegedly adverse actions taken against him at CSP, and then conclude that these must have been in retaliation for prison grievances and the civil lawsuit.").

*B. Objections to the Report and Recommendation*

Plaintiff contends that the R&R improperly applied a heightened pleading standard to his First Amendment retaliation claims. (Obj. 2, ECF No. 47). Specifically, Plaintiff contends that the pleading standards of *Bell Atlantic Corp. v Twombly* and *Ashcroft v. Iqbal* do not apply to his retaliation claims. (*Id.*) Plaintiff also contends that his retaliation claims against Flores, Vitela, Villalobos, Zamora, Hardman, Amezcua, T. Alvarez, and Dominguez should not be dismissed because Plaintiff has alleged "enough facts to put the defendants on notice and enable them to file an answer." (*Id.*) Further, Plaintiff contends that the R&R failed to apply the standard of improper retaliatory motive. (*Id.*)

*C. Analysis*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004) (citations omitted). Filing an inmate grievance or civil action is protected conduct for purposes of a First

Amendment retaliation claim. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012)*; Rhodes v. Robinson*, 408 F.3d at 567. "[T]he plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison*, 668 F.3d at 1114.

The Court agrees with the R&R's finding that Plaintiff does not allege facts plausibly establishing his claims against Defendants Villalobos, Amezcua, Dominguez, Castro, Zamora, Flores, Vitela, Hardman, and Alvarez. Plaintiff alleges that these Defendants took adverse actions against him without a legitimate correctional goal, and that their conduct chilled the exercise of his First Amendment rights. (*See* SAC ¶¶ 54, 61, 63, 65, 66, 70, 73-74, 79, 81-82, 91, 93-94, 100, 102, 121-23, 127, 129, 146, 150, 155, 174, 178-79, 182, 184, ECF No. 37). Nonetheless, Plaintiff fails to allege any facts demonstrating that these Defendants' acts were "because of" his protected conduct–namely, filing an inmate grievance or appeal. *See Rhodes*, 668 F.3d at 567-568. Plaintiff alleges that Defendants Flores, Vitella, Hardman acted in retaliation for his prison grievances or appeals, but Plaintiff offers only legal conclusions and no supporting facts. (*See* SAC ¶¶ 66, 74, ECF No. 37). Further, Plaintiff entirely fails to allege that Defendants Amezcua, Castro, Dominguez, Villalobos, or Zamora acted in retaliation for Plaintiff's protected conduct.

With regard to Defendant Alvarez, Plaintiff includes more factual allegations, such as his contention that Alvarez withheld his mail, removed pages from his outgoing legal mail, and removed legal material and a personal picture from his cell. (*Id.* ¶¶ 82, 85-86, 88). Moreover, Plaintiff also alleges that Alvarez told him that he would not receive his mail until he dropped his lawsuit, which might suggest that Alvarez targeted Plaintiff because of, and in retaliation for, Plaintiff's protected conduct. Nonetheless, the Court agrees with the R&R that Plaintiff fails to allege

sufficient facts regarding his purported legal action against Alvarez to establish a claim for retaliation.

For the aforementioned reasons, the Court **ADOPTS** the R&R in full with respect to these claims and **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amendment retaliation claims against Defendants Amezcua, Castro, Dominguez, Villalobos, Zamora, Hardman, Flores, Vitella, and Alvarez.

**2. Access to the Courts Claim Against Defendant Villalobos**

Plaintiff contends that Villalobos wrongfully terminated his access to the prison law library. (SAC ¶ 54, ECF No. 37). Plaintiff alleges that this conduct cause him to miss a deadline in at least one civil suit. (*Id.* ¶¶ 54-61).

Magistrate Judge Gallo recommended that Plaintiff's access to the courts claim against Villalobos be dismissed without prejudice. (R&R 30, ECF No. 45). The R&R reasons that Plaintiff has failed to allege an actual injury arising out of Defendant Villalobos's actions. (*Id.* at 28–30). "Plaintiff does not specify which defendant was dismissed from which civil lawsuit and how missing the discovery deadline resulted in dismissal of that defendant," nor does Plaintiff "identify a remedy that may be awarded as recompense . . . ." (*Id.* at 29).

Plaintiff presents no discernable objection to the Magistrate Judge's conclusion. Having reviewed the R&R's analysis of this matter, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the R&R with respect to this claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's access to the courts claim against Villalobos.

**3. Access to the Courts Claim Against Defendant Alvarez**

Plaintiff contends that Alvarez hindered his ability to access the courts. (SAC ¶ 87, ECF No. 37). Plaintiff alleges that Alvarez refused to deliver Plaintiff's mail until Plaintiff dropped his civil law suit. (*Id.* ¶ 82). Thereafter, Plaintiff filed a court motion to obtain his mail from Alvarez. (*Id.* ¶ 84). Allegedly, Alvarez attempted to prevent Plaintiff from filing this action by removing pages from the motion upon

1 | intercepting it en route to the court. (*Id.* ¶ 85).

Magistrate Judge Gallo recommends that Plaintiff's access to the courts claim against Alvarez be dismissed without prejudice. (R&R 32, ECF No. 45). The R&R reasons that "Plaintiff fails to explain how [Defendant] Alvarez's actions denied him access to the courts. Plaintiff does not allege that he was never able to file the motion from which Alvarez allegedly removed pages." (*Id.*).

Plaintiff presents no discernable objection to the Magistrate Judge's conclusion. Having reviewed the R&R's analysis, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the R&R with respect to this claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's access to the courts claim against Defendant T. Alvarez.

**4. Substantive Due Process Claims Against Defendants Paramo, Castro, Zamora, Lizarraga, and Kornbluth**

Plaintiff does not explicitly plead a due process claim against Defendants Paramo, Castro, Zamora, Lizzarraga, and Kornbluth, but Plaintiff does allege that these Defendants "create[d] an atypical and significant hardship on Plaintiff." (SAC ¶¶ 141, 152, 168, 180, 203, ECF No. 37). Defendants moved to dismiss any possible due process claim that Plaintiff might be trying to bring and the R&R addressed this argument on the merits. (Mot. to Dismiss 24, ECF No. 40-1; R&R 32–34, ECF No. 45). Accordingly, the Court will also address Plaintiff's possible due process claims against these Defendants.

*A. Summary of the Report and Recommendation*

Magistrate Judge Gallo recommends that any due process claims arising out of Plaintiff's Eighth Amendment claims against Paramo, Castro, Lizarraga, Kornbluth, and Zamora be dismissed with prejudice. (R&R 34, ECF No. 45). The R&R reasons that Plaintiff's potential substantive due process claims are redundant of, and more appropriately analyzed under, Plaintiff's Eighth Amendment claims against these Defendants. (*Id.* at 32-33).

*B. Objections to the Report and Recommendation*

Plaintiff objects to the R&R's recommendation to dismiss with prejudice Plaintiff's due process claims against Defendants Paramo, Castro, Zamora, Lizarraga, and Kornbluth. (Obj. 3, ECF No. 47). Plaintiff offers no reasoned argument in support, however.

*C. Analysis*

"After conviction, the Eighth Amendment serves as the primary source of substantive protection . . . in cases . . . where the deliberate use of force is challenged as excessive and unjustified." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). "Any protection that substantive due process affords convicted prisoners against excessive force is . . . at best redundant of that provided by the Eighth Amendment." *Id.*

Based on Plaintiff's factual allegations, it appears Plaintiff is attempting to raise separate claims under both the Eighth and Fourteenth Amendments based on the same allegedly unlawful conduct. Plaintiff's allegations may be construed to state an excessive force claim, (*see* SAC ¶¶ 140, 150, 157, 165, ECF No. 37), and a deliberate indifference claim, (*see id.* ¶¶ 172, 187). Both of these claims are cognizable under the Eighth Amendment. *See Graham*, 490 U.S. at 395; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Because the Eighth Amendment provides an explicit source of protection from the type of conduct Plaintiff alleges, his claim is preempted by the Eighth Amendment and should not be analyzed as a substantive due process claim under the Fourteenth Amendment." *Easter v. CDC*, 694 F. Supp. 2d 1177, 1186 (S.D. Cal. 2010); *see also Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior that amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims.") (internal quotation marks and citation omitted).

Accordingly, the Court **ADOPTS** the R&R in full with respect to this issue

and **DISMISSES WITH PREJUDICE** Plaintiff's Fourteenth Amendment substantive due process claim against Defendants Paramo, Castro, Zamora, Lizarraga, and Kornbluth.

### 5. Procedural Due Process Claims Against Defendants Alvarez, Amezcua, and Dominguez

Plaintiff alleges that Defendant Alvarez refused to deliver his incoming legal and personal mail, took a personal picture from his cell, and removed pages from his legal motion. (SAC ¶¶ 82-83, 85,88 ECF No. 37). Plaintiff alleges that Alvarez took these measures in retaliation for Plaintiff's civil lawsuit. (*Id.* ¶¶ 82-83, 88). Further, Plaintiff alleges that Amezcua destroyed Plaintiff's legal material and took legal texts from his cell. (*Id. at* 94-96). Finally, Plaintiff alleges that Dominguez intentionally delivered Plaintiff's mail to the prisoner in the cell next to his. (*Id.* ¶¶ 121-22). Dominguez allegedly told Plaintiff there was nothing that he could do about it. (*Id.* ¶ 123).

*A. Summary of the Report and Recommendation*

Magistrate Judge Gallo noted that he "does not believe that Plaintiff sought to allege that Defendants Alvarez, Amezcua, or Dominguez violated his procedural due process rights. However, because Defendants proceed out of caution [in moving for dismissal of such claims], the Court will address the arguments." (R&R 35, ECF No. 45). The Magistrate Judge recommends any due process claims against Alvarez, Amezcua, and Dominguez based on deprivation of Plaintiff's property be dismissed with prejudice. (*Id.* at 37). The R&R reasons that Plaintiff cannot state a claim for violation of his due process rights by these defendants for the taking of his property because "California law provides [Plaintiff] an adequate post-deprivation remedy." (*Id.* at 37).

*B. Objections to the Report and Recommendation*

Plaintiff objects to the R&R's recommendation. (Obj. 3, ECF No. 47). Plaintiff offers no reasoned argument in support, however.

*C. Analysis*

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 458 U.S. 517, 533 (1984); *see also* 42 U.S.C. § 1997e(a). A deprivation is unauthorized if "the state administrative machinery did not and could not have learned of the deprivation until after it occurred." *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985).

Here, Plaintiff is able to access an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Accordingly, Plaintiff's complaint does not state a procedural due process claim for deprivation of property against Defendants Paramo, Castro, Zamora, Lizzarraga, and Kornbluth. Nonetheless, the Court is inclined to provide Plaintiff an opportunity to amend his complaint in case he can allege facts indicating that he was not allowed to access a post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Blueford v. Prunty*, 108 F.3d 251, 256 (9th Cir. 1997).

Therefore, the Court **ADOPTS IN PART** the R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's due process claims against Defendants Paramo, Castro, Zamora, Lizzarraga, and Kornbluth based on deprivation of Plaintiff's property.

**6. Due Process Claim Against Hardman**

Plaintiff contends that Hardman issued him an illegitimate rules violation ticket for destruction of state property. (SAC ¶ 73, ECF No. 37). Plaintiff alleges that Hardman imposed an "atypical and significant hardship on [P]laintiff," because the illegitimate rule violation subjected Plaintiff to a higher level of prison security. (SAC ¶ 78, ECF No. 37).

Magistrate Judge Gallo recommends that Plaintiff's due process claim against Hardman be dismissed without prejudice. (R&R 38, ECF No. 45). The R&R

presumes that "Plaintiff received a hearing on the rules violation report because he does not state any allegations that he did not," and reasons that "Plaintiff's due process rights were not violated just because he was issued an unwarranted rules violation report." (*Id.*).

Plaintiff presents no discernable objection to the Magistrate Judge's conclusion. Having reviewed the R&R's analysis of this issue, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the R&R with respect to this claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's due process claim against Hardman.

**7. Eighth Amendment Failure to Supervise Subordinates Claim Against McEwen and Janda**

Plaintiff contends that McEwen and Janda violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. (SAC ¶ 216, ECF No. 37). Plaintiff alleges in support that McEwen and Janda failed to intervene and stop retaliatory actions taken against Plaintiff by other Defendants. (*Id.*).

Magistrate Judge Gallo recommends that Plaintiff's failure to supervise claims against Defendants McEwen and Janda be dismissed without prejudice. (R&R 41, ECF No. 45). The R&R reasons that, as currently plead, Plaintiff has not sufficiently alleged that Plaintiff put either McEwen or Janda on notice of the wrongful conduct of other Defendants retaliating against him. (*Id.* at 40-41).

Plaintiff presents no discernable objection to the Magistrate Judge's conclusions. Having reviewed the R&R's analysis of this issue, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the R&R in full with respect to these claims and **DISMISSES WITHOUT PREJUDICE** Plaintiff's failure to supervise claims against Defendants McEwen and Janda.

*///*
*///*

**8. Eighth Amendment Failure to Intervene Claims Against McEwen and Janda**

Plaintiff contends that McEwen and Janda violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. (SAC ¶ 216, ECF No. 37). Plaintiff alleges in support that McEwen and Janda failed to intervene and stop retaliatory action made against Plaintiff by other Defendants. (*Id.*).

Magistrate Judge Gallo recommends that Defendants' motion to dismiss Plaintiff's Eighth Amendment failure to intervene claims be denied. (R&R 43, ECF No. 45). The R&R reasons that "Defendants do not address Plaintiff's Eighth Amendment claim arising from the standpoint of failure to intervene," even though "the crux of Plaintiff's Eighth Amendment claim against McEwen and Janda is their failure to intervene." (*Id.*). Accordingly, the R&R "declines to recommend dismissal of Plaintiff's claims *sua sponte*." (*Id.*).

Defendants present no objection. Having reviewed the R&R's conclusion, the Court finds that it is thorough, well reasoned, and contains no clear error**.** Accordingly, the Court **ADOPTS** the R&R with respect to these claims and **DENIES** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment failure to intervene claims against Defendants McEwen and Janda.

**9. Fourteenth Amendment Due Process Claims Against McEwen and Janda for Failure to Hear His Appeals**

Plaintiff alleges that on August 1, 2010, he provided McEwen with an administrative appeal. (SAC ¶ 21, ECF No. 37). McEwen never responded to this appeal. (*Id.* ¶ 24). Plaintiff further contends that Janda denied nine appeals that contained complaints pertaining to the retaliatory actions taken by other Defendants. (*Id.* ¶ 114). Plaintiff does not explicitly claim that these actions violated his Fourteenth Amendment rights. Defendants moved to dismiss any possible due process claim that Plaintiff might be trying to allege, however, and the R&R addressed this argument on the merits. Accordingly, the Court will address Plaintiff's possible due process claims against Defendants McEwen and Janda.

*A. Summary of the Report and Recommendation*

Magistrate Judge Gallo recommends that Plaintiff's Fourteenth Amendment claims against Defendants McEwen and Janda, arising out of these Defendants' failure to respond to Plaintiff's appeals, be dismissed with prejudice. (R&R 45, ECF No. 45). The R&R reasons "Plaintiff has no cause of action against McEwen or Janda . . . because he lacks a protected liberty interest." (*Id.* at 44).

*B. Objections to the Report and Recommendation*

Plaintiff objects to the R&R's recommendation. (Obj. 3, ECF No. 47). Plaintiff offers no reasoned argument in support, however.

*C. Analysis*

To analyze a claim made under the due process clause, "[the Court] first ask[s] whether there exists a liberty or property interest of which a person has been deprived, and if so [the Court] ask[s] whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citing *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Plaintiff's claim fails on the first step of the inquiry. Inmates do not have a liberty interest in a prison grievance or appeals procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Riley v. Dunn*, No. CV 09-8850-JFW (MLG), 2011 WL 4940855, at \*7 (C.D. Cal. Oct. 14, 2011) ("Plaintiff has no constitutional right to an effective grievance or appeal procedure."). Thus, because the sole basis of Plaintiff's claim is that McEwen and Janda either denied or did not respond to Plaintiff's prison appeals, Plaintiff does not state a claim upon which relief may be granted. For the same reason, Plaintiff's objection is groundless.

Accordingly, the Court **ADOPTS** the R&R in full with respect to these claims and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendants Janda and McEwen for violating his due process rights.

**10. First Amendment Retaliation Claim Against Defendants McEwen and**

**Janda**

Plaintiff contends that McEwen retaliated against him and chilled Plaintiff's exercise of his First Amendment rights. Plaintiff alleges that on August 1, 2010, Plaintiff presented an appeal to McEwen. (SAC ¶ 21, ECF No. 37). Thereafter, on August 2, 2010, Plaintiff alleges that in retaliation for his appeal, Plaintiff was placed in a prison yard characterized by racial tension. (*Id.* ¶ 21). Plaintiff further alleges that on August, 8, 2010, Plaintiff was setup to be attacked by a group of white prisoners in retaliation for his appeal to McEwen. (*Id.* ¶ 27).

Plaintiff also contends that McEwen retaliated against him by taking actions against Plaintiff that had no legitimate correctional purpose, and ultimately chilled Plaintiff's exercise of his First Amendment rights. (*Id.* ¶¶ 119-20). The Court is unable to identify any specific supporting facts within Plaintiff's SAC.

*A. Summary of the Report and Recommendation*

Magistrate Judge Gallo recommends that Plaintiff's retaliation claims against Defendant McEwen be dismissed without prejudice. (R&R 47-48, ECF No. 45). The R&R reasons that Plaintiff has alleged some facts that could demonstrate McEwen was retaliating against Plaintiff, but on the whole, fails to allege sufficient facts to state a cause of action. (*Id.* at 47).

Additionally, Magistrate Judge Gallo recommends that Plaintiff's claims against Defendant Janda be dismissed with prejudice. (*Id.* at 48). The R&R reasons that Plaintiff has failed to allege specific facts demonstrating that Defendant Janda retaliated against Plaintiff for engaging in protected speech. (*Id.* at 47-48).

*B. Objections to the Report and Recommendation*

Plaintiff objects to the R&R's recommendation to dismiss with prejudice Plaintiff's retaliation claims against Janda. (Obj. 3, ECF No. 47). Plaintiff offers no reasoned argument in support, however. Plaintiff presents no discernable objection to the R&R's recommendation to dismiss without prejudice Plaintiff's claim against McEwen.

*C. Analysis*

Having reviewed the R&R's analysis of Plaintiff's retaliation claim against Defendant McEwen, the Court finds that it is thorough, well reasoned, and contains no clear error**.** Accordingly, the Court **ADOPTS** the R&R with respect to this claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amendment retaliation claim against McEwen .

Regarding Defendant Janda, Plaintiff fails to provide sufficient facts of Janda's wrongdoing. Plaintiff avers no more than legal conclusions to the effect that Janda lacked a legitimate correctional goal in holding Plaintiff in administrative segregation and that Janda's actions chilled Plaintiff's exercise of his First Amendment rights. (SAC ¶¶ 119-20, ECF No. 37). Plaintiff fails to allege any facts plausibly establishing that Janda's acts against Plaintiff were "because of" Plaintiff's protected conduct. *See Rhodes*, 408 F.3d at 567-68. Accordingly, Plaintiff fails to plead enough facts to survive a motion to dismiss. Nonetheless, the Court is inclined to give Plaintiff an opportunity to amend his complaint to state a viable cause of action.

For the foregoing reasons, the Court **ADOPTS** the R&R in part and **DISMISSES WITHOUT PREJUDICE** Plaintiff's retaliation claim against Defendant Janda.

**11. Eighth and Fourteenth Amendment Claims Against McEwen and Janda Arising From Their Work on the Classification Committee**

Plaintiff contends that Janda and McEwen violated Plaintiff's Fourteenth Amendment due process rights by sending him to the administrative segregation unit ("ASU") for a total of fourteen months. (SAC ¶¶ 40, 111, ECF No. 37). Plaintiff also alleges that Janda and McEwen conspired to hold Plaintiff in the ASU. (*Id.* ¶ 112).

Magistrate Judge Gallo recommends that Plaintiff's Fourteenth Amendment claims against Defendants McEwen and Janda arising from their work on the

classification committee be dismissed without prejudice. (R&R 51, ECF No. 45). The R&R reasons that "Plaintiff's placement in the ASU and the conditions of the ASU," were not "not a major disruption in Plaintiff's environment," and did not deprive Plaintiff of his due process rights." (*Id.* at 50). Accordingly, the R&R does not reach the "question as to whether Plaintiff was afforded a fair hearing." (*Id.* at 51).

Plaintiff presents no discernable objection. Having reviewed the R&R, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court **ADOPTS** the R&R with respect to this issue and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Eighth and Fourteenth Amendment claims against Defendants McEwen and Janda arising from their work on the classification committee.

**CONCLUSION**

For the aforementioned reasons, the Court **ADOPTS IN PART** the R&R, **GRANTS IN PART** Defendants' motion to dismiss, and **DISMISSES WITH PREJUDICE**:

(1) Plaintiff's substantive due process claims against Paramo, Castro, Lizzarraga, Kornbluth, and Zamora; and,

(2) Plaintiff's procedural due process claims against McEwen and Janda for denial and failure to hear his appeals.

The Court also **DISMISSES WITHOUT PREJUDICE**:

(1) Plaintiff's First Amendment retaliation claims against Amezcua, Castro, Dominguez, Villalobos, Zamora, Hardman, Flores, Vitella, Alvarez, McEwen, and Janda;

(2) Plaintiff's access to the courts claim against T. Alvarez and Villalobos;

(3) Plaintiff's procedural due process claims against Alvarez, Amezcua, and Dominguez arising from deprivation of Plaintiff's property;

(4) Plaintiff's due process claim against Hardman;

1    (5) Plaintiff's Eighth Amendment failure to supervise claims against McEwen
2 and Janda; and,
3    (6) Plaintiff's Eighth and Fourteenth Amendment claims against McEwen and
4 Janda arising from their work on the classification committee.
5    Finally, the Court **DENIES IN PART** Defendants' motion to dismiss and
6 declines to dismiss Plaintiff's Eighth Amendment failure to intervene claims against
7 McEwen and Janda.
8    If he wishes, Plaintiff **SHALL FILE** a third amended complaint addressing
9 the deficiencies noted by the Court <u>within 45 days of the date that this Order is
10 electronically docketed</u>. The Court cautions Plaintiff that failure to cure the
11 deficiencies identified may result in dismissal with prejudice. Plaintiff's amended
12 complaint must be complete in itself without reference to any superseding pleadings.
13 *See* CivLR 5.1. Defendants not named and all claims not re-alleged in the amended
14 complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565,
15 567 (9th Cir. 1987).
16    **IT IS SO ORDERED.**

18 DATED: August 26, 2013

19                                    **Honorable Janis L. Sammartino**
20                                    **United States District Judge**